BOSTON SAFE DEPOSIT AND TRUST COMPANY, TRUSTEE OF THE ESTATE
OF BENJAMIN W. PARKER, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed January 30, 1919.*

INHERITANCE TAX—*Lora J. Moore, et al* v. *State, Supra, followed.* This case is controlled by the decision of the Court in the case of *Lora J. Moore, et al* v. *State, Supra.*

Edward J. Brundage, Attorney General, for State.

The facts in this case shown by the evidence on file herein are as follows:

Benjamin W. Parker died on 11th day of December, 1910, a resident of Winthrop, Massachusetts.

No administration was had in this State, but by order of Probate Court of Suffolk County, Nassachusetts, the claimant herein the Boston Safe Deposit and Trust Company was appointed trustee of said estate under the will of said decedent.

On the 17th day of August, 1916, the County Judge of Cook County, Illinois, entered an order purporting to assess an inheritance tax of $1,324.08 in said estate, and on the 17th day of August, 1916, the claimant herein paid to the county treasurer of said county of Cook the sum of $1,775.27, being amount of taxes plus 6% interest purported to be assessed by said order.

Therefore on the 5th day of September, 1916, the Acting County Judge of said Cook County, upon petition filed and presented by claimant herein entered an order vacating and setting aside for want of jurisdiction said order in so far as it purported to assess a tax upon the transfer by will of the decedent to now resident beneficiaries of shares in foreign corporations.

Such order did find that the said prior order validly assessed in said estate the sum of $1,025.34 and that the interest due thereon up to date of payment equaled $1,373.93 and that $401.32 was illegally assessed, and that said original order was void as to that extent for lack of jurisdiction.

The facts in this case are identical, except as to amounts as those in case No. 33, *Lora J. Noore, executrix* v. *State* (opinion filed at present term of this Court) and counsel in said case stipulated and agreed in, therein that the finding in said case should govern in this (and quite a number of other cases) and that in the event that a refund should also be allowed in the case at bar.

An opinion allowing a refund in said Lora J. Moore case was filed at present term of this Court.

For reasons for allowance of the claim in said cause see opinion in said No. 33, *Moore* v. *State,* and also *Oakman* v. *State.*

For the reasons stated in said cases and from the evidence herein the court awards claimant herein a refund of four hundred and one and 32/100 dollars.